APARICIO ET AL., DEMANDANTES Y APELANTES, *v.* BOUILLERCE, DEMANDADO· Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en un procedimiento de *injunction*.

No. 2697.—Resuelto en enero 25, 1923.

*Injunction*—CUESTIÓN ACADÉMICA.—En el presente caso los dueños de una empresa cinematográfica instaron procedimiento de *injunction* contra el Comisionado Municipal de Hacienda y atacaron la validez de una ordenanza municipal que imponía cierto arbitrio por cada espectáculo y pidieron una orden para que el citado comisionado se abstuviera de continuar denunciando a la empresa por falta de pago del arbitrio. La prueba demostró que a la fecha del juicio los demandantes habían dejado de ser dueños del cinematógrafo que originó la demanda. *Se resolvió:* que bajo tales condiciones, la resolución del pleito por sus méritos no tendría en realidad otro alcance que decidir si la falta de pago por los demandantes de ese arbitrio es penable o no, cuestión que no es propia del procedimiento de *injunction*.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. R. Muñoz Ramos.*

Abogado del apelado: *Sr. D. Sepúlveda.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Martín Aparicio y Carlos Delgado, haciendo negocio bajo el nombre de "Aparicio & Delgado," presentaron en la Corte de Distrito de Ponce un procedimiento de *injunction* contra Juan P. Bouillerce, en su carácter de Comisionado Municipal de Hacienda de Adjuntas, en el que alegando que tienen establecida y explotan una empresa de cinematógrafo en Adjuntas; que la Asamblea Municipal de dicho pueblo aprobó una ordenanza disponiendo la imposición y cobranza de cier-

tos arbitrios, éntre ellos el de pagar un dólar por cada función de cinematógrafo; que dicho arbitrio es nulo y que el comisionado municipal de hacienda ha estado denunciando a los peticionarios por no pagar ese arbitrio y que seguirá denunciándolos, pidieron a la corte declarase que los recurrentes están en su derecho al no pagar dicho arbitrio por ser nula dicha ordenanza y que ordénase a dicho comisionado se abstenga de continuar denunciando a los peticionarios por su infracción.

La corte libró un auto provisional de *injunction* contra el demandado y después de celebrada la vista de la petición con asistencia de las partes, dictó sentencia declarando sin lugar la demanda por el fundamento de que habiendo manifestado el demandante Martín Aparicio que el cinematógrafo de que era dueño cuando las denuncias se hicieron no es ahora de su propiedad ni de su socio Carlos Delgado, no tenía finalidad práctica alguna resolver el litigio, viniendo a ser simplemente una cuestión académica. La apelación interpuesta por los demandantes cóntra esa sentencia es la que motiva el presente recurso.

La demanda de *injunction* fué presentada en la corte inferior el 6 de septiembre·de 1921 y la vista del caso tuvo lugar el 13 de diciembre del mismo año, habiéndose dictado la sentencia nueve días después. Contestando en el juicio Martín Aparicio, uno de los demandantes y socio de la firma Aparicio & Delgado, a una repregunta del demandado referente a si algunas veces celebran dos funciones al día, contestó lo siguiente: "Las celebrábamos porque hoy el cine no pertenece a nosotros." Sobre este particular no se le hizo otra pregunta por las partes.

Esa manifestación de Aparicio es bastante para llegar a la conclusión de que en la fecha del juicio los demandantes no eran los dueños del cinematógrafo que originó la demanda y, por tanto, para decidir si por tal hecho es innecesario re-

solver el pleito por sus méritos por carecer de finalidad práctica para los demandantes.

El objeto fundamental de la demanda en este caso es que se declare la nulidad de la ordenanza en cuanto al arbitrio impuesto por ella a las funciones cinematográficas y que, como consecuencia de tal declaración, se prohiba al demandado que denuncie a los demandantes por no pagar ese arbitrio.  Por consiguiente, no siendo ahora los demandantes dueños del cinematógrafo que ha dado origen al pleito, ni apareciendo de la prueba que continuaran en el negocio de dar dichas funciones, no puede tener para ellos resultado práctico que se decida si dicha ordenanza es nula, pues no aparece que haya de afectar a negocio suyo de esa índole que tengan actualmente; y si bien es cierto que dicha cuestión puede afectarles por las denuncias que habían sido presentadas contra ellos y por las que puedan hacerse por su falta de pago de dicho arbitrio hasta que dejaron de ser dueños del cinematógrafo, como tal cuestión puede ser suscitada como consecuencia de las denuncias, no hay necesidad de resolverla ahora en este procedimiento, en el que resulta ser una cuestión colateral derivada de que la ordenanza sea nula.  La resolución de este pleito por sus méritos, después de dejar los demandantes de ser dueños del cinematógrafo que lo ha originado, no tendría en realidad otro alcance que decidir si la falta de pago por los demandantes de ese arbitrio es penable o no, cuestión que no es propia del procedimiento de *injunction.*

Por las consideraciones que preceden, creemos que la corte inferior no cometió error al declarar sin lugar la demanda, y que su sentencia en tal sentido debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.